AUSA: Patricia M. Reville

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**26-MJ-2741**

UNITED STATES OF AMERICA

v.

ALBERTO RIVERA,

Defendant.

**COMPLAINT**

Violation of 21 U.S.C. § 841(a)(1)

COUNTY OF OFFENSE:
ORANGE

SOUTHERN DISTRICT OF NEW YORK, ss.:

JEFFREY BLANCHARD, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

## COUNT ONE
### (Possession with Intent to Distribute Controlled Substances)

1. On or about July 10, 2026, in the Southern District of New York and elsewhere, ALBERTO RIVERA, the defendant, knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The controlled substance involved in the offense was 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B).)

## COUNT TWO
### (Possession with Intent to Distribute Controlled Substances)

3. On or about July 10, 2026, in the Southern District of New York and elsewhere, ALBERTO RIVERA, the defendant, knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4. The controlled substance involved in the offense was 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

5. I am a Special Agent with the FBI and have been since February 2022. During my tenure as a Special Agent with the FBI, I have participated in numerous investigations involving

narcotics distribution. Through my training and experience, I have become familiar with the manner in which illegal narcotics are manufactured, possessed, trafficked, sold, and distributed. I make this Affidavit in part on personal knowledge based on my participation in the investigation; conversations with other FBI and law enforcement agents and officers who personally participated in the investigation; review of reports and other documents prepared by law enforcement agents and others; physical surveillance; and training and experience.

6.    Throughout this Affidavit, where I assert that a statement was made, I was not the individual to whom the statement was made unless I specifically so state. Rather, information about the statement was provided by someone else to whom I have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and they are set forth in substance and in part, unless otherwise indicated. Similarly, unless otherwise indicated, information in this Affidavit resulting from surveillance does not necessarily set forth my personal observations, but may have been provided to me by other law enforcement agents who observed the events, and to whom I have spoken or whose reports I have read. Furthermore, the facts and circumstances of this investigation have been summarized for the specific purposes of this Affidavit. I have not attempted to set forth the complete factual history of this investigation or all of its details. In making this Affidavit, I rely only on the facts stated herein.

7.    Based on my involvement in this investigation, involvement in prior narcotics-related investigations, review of surveillance footage, review of digital messages, personal observations, conversations with other members of law enforcement, review of law enforcement reports and records, and training and experience, I understand the following, in substance and in part:

a.    On or about July 10, 2026, the Honorable Paul D. Trachte, City Court Judge for the City of Newburgh, New York, issued a warrant (the "State Warrant") for ALBERTO RIVERA's, the defendant's, arrest for a domestic violence charge.

b.    On or about July 10, 2026, law enforcement officers from the City of Newburgh ("Newburgh Law Enforcement Officers") observed ALBERTO RIVERA, the defendant, on surveillance footage in and around West Parmenter Street, in Newburgh, while interacting with individuals in an area known for narcotics trafficking. The Newburgh Law Enforcement Officers observed RIVERA get into a vehicle where he was the sole occupant.

c.    Shortly thereafter, Newburgh Law Enforcement Officers arrested ALBERTO RIVERA, the defendant, on the State Warrant. During the arrest, the Newburgh Law Enforcement Officers observed what appeared to be crystal-like substance on the driver's side floor of the car. A field test of the crystal-like substance returned a positive result for the presence of cocaine. The Newburgh Law Enforcement Officers then conducted a search of the vehicle. Inside the vehicle, the Newburgh Law Enforcement Officers found approximately 1,800 glassines containing a powder-like substance, weighing approximately 45.275 grams. A field test of the powder-like substance returned a positive result for the presence of fentanyl. The aforementioned glassines are blue with the word "Gatorade" written on them. Certain of the glassines containing fentanyl are depicted below. Additionally, the Newburgh Law Enforcement Officers found approximately 138 grams of crack cocaine which was packaged for distribution, as depicted below. Based on my training and experience, I believe the substance is crack cocaine because it appears to be a white

2

rock-like substance and certain of the quantities was packaged in plastic twist ties which is consistent with packaging for crack cocaine in and around Newburgh.

    d.  The Newburgh Law Enforcement Officers also found approximately $700 in cash and approximately two cell phones.



*Glassines of Fentanyl*



*Crack Cocaine*



3

e. The Newburgh Law Enforcement Officers also searched the area in or around West Parmenter where ALBERTO RIVERA, the defendant, had previously been observed. The Newburgh Law Enforcement Officers found glassines that matched the glassines found in RIVERA's vehicle (*i.e.*, blue glassines with the word "Gatorade" written on them).

f. After the arrest, ALBERTO RIVERA, the defendant, made several post-*Mirandized* statements to the FBI and the Newburgh Law Enforcement Officers. RIVERA stated, in substance and in part, that the drugs were his and he intended to sell them.

WHEREFORE, I respectfully request that ALBERTO RIVERA, the defendant, be imprisoned or bailed, as the case may be.

/s/ *Jeffrey Blanchard* (by AEK, with permission)

JEFFREY BLANCHARD
Special Agent
Federal Bureau of Investigation

Sworn to through the transmission of this
Affidavit by reliable electronic means, pursuant
to Federal Rules of Criminal Procedure 41(d)(3)
and 4.1, this 11th day of July, 2026.          **[via FaceTime]**

THE HONORABLE ANDREW E. KRAUSE
United States Magistrate Judge
Southern District of New York

4